**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Samuel FRANK, Jr., Petitioner.**

Supreme Court of Pennsylvania.

Feb. 21, 2002.

### ORDER

PER CURIAM.

And now, this 21st day of February, 2002, the Petition for Allowance of Appeal is GRANTED and the order of the Superior Court is VACATED. Further, we instruct the Superior Court to remand this matter to the trial court for the appointment of new counsel to seek reinstatement of Petitioner's appellate rights nunc pro tunc. *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999).

---

**1.** The former legislative provisions governing executions against boroughs incorporated the parallel provision pertaining to townships. *See id.* To collect a judgment against a township, the court in which such judgment was obtained could issue thereon a writ commanding the township commissioners or township supervisors to cause the amount thereof, with interest and costs, to be paid to the party entitled to the benefit of such judgment, out of any monies unappropriated of such township; or, if there were no such monies, of the first money that shall be received for the use of such township. *See* Act of July 14, 1917, No. 319, P.L. 840, § 1396 (codified at 53 P.S. § 18462 (repealed 1931)); *see also Kamm*, 86 P.L.J. at 404. The procedure did not require the commencement of a wholly independent civil action for mandamus as the majority appears to deem necessary.

**2.** The difficulty with the Commonwealth Court's opinion, in my view, is that it equates the ordinary writ of execution filed by the Union with the specialized "mandamus execution" writ called for by the formerly governing statute. *See Borough of Wind Gap v. Teamsters Local 773 of the Int'l Bhd. of Teamsters*, 759 A.2d 949, 953 (Pa.Cmwlth.2000)(holding that "Common Pleas erred in setting aside the writ of execution on the basis that [the Union] erroneously filed a writ of execution instead of filing a writ of mandamus").